IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BILLY JOE BURROUGHS,           §
                               §
              Plaintiff,       §
                               §
V.                             §          No. 3:15-cv-333-N-BN
                               §
SHARED HOUSING CENTER, ET AL., §
                               §
              Defendants.      §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case, in which Plaintiff Billy Joe Burroughs is proceeding *pro se* and *in forma pauperis*, has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Defendants Shared Housing Center (the "Center"), Maria Machado, and ReShunda Morrow (collectively, "Defendants") have moved to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). *See* Dkt. No. 15. Plaintiff has filed a response [Dkt. No. 21] and has requested oral argument, *see* Dkt. No. 20, and Defendant has filed a reply [Dkt. No. 22].

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that Defendants' motion to dismiss should be granted in part and denied in part and that Plaintiff's motion for oral argument should be denied.

-1-

**Background**

On February 3, 2015, Plaintiff filed his *pro se* complaint against the Center; Defendant Morrow, identified as a case manager; and Defendant Machado, identified as the Center's Executive Director. *See* Dkt. No. 3. Defendants has filed a motion to dismiss. *See* Dkt. No. 20.

Burroughs, who is blind, applied to the Center's Homeshare program. The Center is an organization that receives some grant funding from the United States Department of Housing and Urban Development ("HUD"). *See* Dkt. No. 3 at 16. And the Homeshare program matches those in need of housing with individuals who can accommodate a roommate, one who can provide "companionship, assistance with house chores and a sense of security." *Id.* at 15.

Plaintiff contends that, instead of allowing him to participate in the program and attempting to find him a match, the Center found him ineligible for Homeshare on the basis of his blindness. *See id.* at 1. Plaintiff alleges that his first application was not recorded and that, after he filled out his second application, he was found to be ineligible. *See id.* at 1-2. Plaintiff contends that, after a third party, Disability Rights Texas, contacted the Center, Defendant Morrow, at the behest of Defendant Machado, said that Plaintiff's participation would "require people to rearrange their homes" and she "couldn't ask them to do that." *Id.* at 3. Finally, Plaintiff alleges that the applications that he filled out contained several questions about physical and mental disabilities. *See id.* at 5.

Plaintiff asserts that these facts mean that he has been discriminated against,

both by the questions that the Center asks in its application and by the determination that Plaintiff was ineligible for the Homeshare program. In support, he cites to a regulation pertaining to the Fair Housing Act, 42 U.S.C.A. § 3601 *et seq.*, (the "FHA"), which makes it unlawful to "make an inquiry to determine whether an applicant for a dwelling ... has a handicap or to make inquiry as to the nature and severity of a handicap of such a person." 24 C.F.R. § 100.202(c).

The undersigned now concludes that the Court should grant in part and deny in part Defendants' motion to dismiss. For the reasons explained below, the Court should dismiss any claim based on questions in the Homeseekers application and any claim under 42 U.S.C. § 1983. But the Court should allow to proceed Plaintiff's disability discrimination claims, ostensibly made under the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, (the "Rehabilitation Act") and the FHA.

## Legal Standards

While Defendants have filed their motion pursuant to Rules 8(a) and 12(b)(6), a "Motion to Dismiss [filed] pursuant to Rule 8(a) of the Federal Rules of Civil Procedure [is] considered under Rule 12(b)(6)." *Elmo v. S. Foods Group, L.P.*, No. 3:05-cv-301-M, 2006 WL 1420777, at *1 n.6 (N.D. Tex. May 23, 2006) (collecting cases).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and

must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Rule 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss[,]" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. \_\_\_\_, 135 S. Ct. 346, 347 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Zephyr Aviation, LLC v. Dailey,* 247 F.3d 565, 573 (5th Cir. 2001) (dismissal for failure to state a claim is generally disfavored in the Fifth Circuit).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). But the pleadings in this context include attachments to the complaint. *See Katrina*, 495 F.3d at 205; *see also Rodriguez v. Rutter*, 310 F. App'x 623, 626 (5th Cir. 2009) (per curiam) ("It is well established that, in deciding whether to grant a motion to dismiss, a district court may not go outside the complaint.")

Further, documents "attache[d] to a motion to dismiss are considered to be part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim[s]." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)) (other citations omitted). This exception has been characterized as a limited one – with two required elements. *See, e.g.*, *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (attached documents can be included if they meet both requirements)*; Scanlan v. Texas A&M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003) (attachments should not have been considered because they were not central). Therefore, only when the attachments to a defendant's motion "were referred to in the complaints and ... are central to the plaintiff's claims" can they be considered by the Court in the Rule 12(b)(6) context. *Katrina*, 495 F.3d at 205.

> Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim....

> However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint.

*Kaye v. Lone Star Fund v. (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011) (analyzing *Collins*, *Scanlan*, and *Katrina*) (citations omitted).

Because the attachments to Defendants' motion to dismiss are not necessary to establish an element of one of Plaintiff's claims, they are not incorporated into his complaint and have not been considered in the undersigned's analysis.

Further, "[b]ecause Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint with all possible deference." *Muthukumar v. Univ. of Tex. at Dallas*, No. 3:10-cv-115-B, 2010 WL 5287530, at *2 (N.D. Tex. Dec. 27, 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see Jackson v. Roche*, Nos. 7:04-cv-0133-O & 7:02-cv-111-R, 2008 WL 2579677, at *4 (N.D. Tex. June 27, 2008) ("Because Plaintiff filed his complaint as a *pro se* litigant, this Court is obligated to construe the complaint liberally." (citations omitted)). *But see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("Although the Court and the parties should liberally construe *pro se* pleadings, such a liberal construction does not require that the Court or a defendant create causes of action where there are none." (footnote omitted)).

While *pro se* status does not provide "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets," *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986), it is settled law that "*pro se* pleadings must be liberally

construed to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"). And "a *pro se* plaintiff ordinarily should be given 'every opportunity' to state a possible claim for relief." *Muthukumar*, 2010 WL 5287530, at *2 (quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1998)). "Thus, before a court dismisses a complaint under Rule 12(b)(6) for failure to state a claim, a *pro se* plaintiff should be given an opportunity to amend." *Id.* (citing *Barowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

## Analysis

Defendants contend that all of Plaintiff's claims should be dismissed in their entirety under Rule 12(b)(6) due to Plaintiff's failure to allege specific, articulable facts, not just legal conclusions. A court need not "conjure up unpled allegations or construe elaborately arcane scripts" to save a *pro se* complaint. *Govea v. ATF*, 207 F. App'x 369, 372 (5th Cir. 2006) (per curiam) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)). But a *pro se* litigant "does not necessarily have to point to the proper statute in order to state a cause of action to which he is entitled relief." *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999) (citation omitted). A *pro se* litigant "can state a cause of action even if he points to the wrong legal theory, so long as relief is possible under any set of facts that could be established consistent with

the allegations." *Id.* (citations and internal quotation marks omitted); *cf. Johnson,* 135 S. Ct. at 347 ("[N]o heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." (citations omitted)). It is, moreover, the Court's responsibility to "examine the complaint to determine if the allegations therein support a claim for relief under any possible legal theory." *Robertson v. Burger King, Inc.,* 848 F. Supp. 78, 79. (E.D. La. 1994) (citations omitted).

<u>The Homeseekers Application</u>

To the extent that Plaintiff alleges facts to state a claim under 24 C.F.R. § 100.202(c), Plaintiff's claim regarding the Center's application questions should be dismissed as a matter of law. The FHA precludes housing discrimination, including against those with disabilities. S*ee* 42 U.S.C.A. § 3602. And the FHA's enforcing regulation proscribes inquiries as to whether an individual applicant for a dwelling has a disability, but there are exceptions to this. Inquiry regarding an applicant's disability is permissible when "a dwelling available only to persons with handicaps" or "a priority available to persons with handicaps" is in question. 24 C.F.R. § 100.202(c)(2), (3).

Requesting disclosure of disabilities is permissible "for the purposes of satisfying eligibility" for housing that is specifically accommodating to those with disabilities or specific needs. *LaFlamme v. New Horizons, Inc.,* 514 F. Supp. 2d 250, 256-57 (D. Conn. 2007) (distinguishing between "necessary inquiries" and "improperly required disclosure"). Section 100.202(c), moreover, has been specifically interpreted as preempting state law that prevents all inquiries. *See Robards v. Cotton Mill Assocs.,*

677 A.2d 540, 544 (Me. 1996) ("While both the federal and state law protect the disabled person's right not to be discriminated against in the housing market, federal law also specifically authorizes ... a limited inquiry to assess a person's eligibility therefor.")

As Plaintiff states in his complaint, Defendants attempted to steer him towards housing that is "designed specifically" or "geared towards" individuals with disabilities and the elderly. Dkt. No. 3 at 3, 4. Plaintiff may not have wished to participate in that housing, but Defendants' application is not a violation of the FHA.

Looking only at the pleadings and accepting Plaintiff's factual allegations as true for the purposes of this motion to dismiss, as the Court must, the undersigned concludes that Plaintiff has not pled a facially plausible claim that the Homeseekers application violated federal law.

<u>42 U.S.C. § 1983</u>

To the extent that Plaintiff alleges sufficient facts to state a claim under 42 U.S.C. § 1983, such a claim should also be dismissed as a matter of law. For such a claim to exist, a plaintiff must allege facts showing that he has been "deprived of a right secured by the Constitution and the laws of the United States," and that the deprivation was caused by a person or persons "acting under color of state law." *Bass v. Parkwood Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999) (internal quotations and citation omitted). Private action constitutes "state action" for purposes of Section 1983 only where the conduct in question may be "fairly attributable to the state." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982).

Here, Defendants are a non-profit organization or persons employed by that organization. No facts are alleged in the complaint that would require the Court to consider that any defendant is a state actor or was engaged in conduct that could in any way be attributed to the state. For example, there is no allegation that any of the employees are state officials or that any state officials are involved in the Center's daily operations. *See Miller v. Hartwood Apartments, Ltd.,* 689 F.2d 1239, 1242 (5th Cir. 1982) (considering such factors and holding that no basis for a Section 1983 claim existed).

Further, the mere fact that the Center is a federal-grant recipient, *see* Dkt. No. 3 at 16, does not make it a state actor. For example, a medical provider is not a state actor merely because he or she receives Medicare and Medicaid funds. *See Wheat v. Mass*, 994 F.2d 273, 275-276 (5th Cir. 1993); *Blum v. Yaretsky,* 457 U.S. 991, 1014 (1982). And the fact that a nursing home is subject to detailed regulation and receives extensive public funding does not make it a state actor. *See Daigle v. Opelousas Health Care, Inc.,* 774 F.2d 1344, 1349 (5th Cir. 1985). "Public funding alone is insufficient to implicate the state" when a private organization's actions are called into question. *Frazier v. Bd. of Trs. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1286 (5th Cir. 1985).

Further, while the Center made a recommendation to Plaintiff regarding a Dallas Housing Authority ("DHA") program, the Center is not a part of the DHA and is not alleged to administer DHA programs. *See* Dkt. No. 15 at 1.

Thus, because Plaintiff does not allege that Homeshare is anything other than a purely private housing program, he has not stated a claim under Section 1983.

<u>Discrimination under the Rehabilitation Act and the Fair Housing Act</u>

Although Plaintiff does not explicitly state a basis under which the refusal to permit his application to the Homeshare program violated a provision of federal law, under the Court's responsibility to construe such *pro se* pleadings liberally, the undersigned concludes that Plaintiff's factual allegations state claims for discrimination under the Rehabilitation Act and the FHA.

> The Rehabilitation Act of 1973 "establishes a comprehensive federal program aimed at improving the lot of the handicapped." *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 626 (1984). Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides a private right of action for individuals subjected to disability discrimination ... by any program that receives monetary assistance from the federal government. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir.1999). Specifically, the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, ... be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

*Flynn v. Distinctive Home Care, Inc.*, No. 5:13-cv-0936-RP, 2015 WL 1004404, at *3 (W.D. Tex. Mar. 5, 2015).

The Rehabilitation Act is operationally identical to the Americans with Disabilities Act (the "ADA") in that both statutes address discrimination against those with disabilities, but, while the ADA is limited to public entities, including private employers, the Rehabilitation Act extends to programs or activities that, though private, receive federal funding. *See Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010).[1]

---

[1] The Rehabilitation Act does not preclude a suit brought under Section 1983, *see, e.g.*, Smith *v. Barton*, 914 F.2d 1330, 1335 (9th Cir. 1990), but Section 1983 still requires that Defendants be state actors. As referenced above, Defendants are not, and Plaintiff has not alleged that they are.

Under 29 U.S.C. § 794(b)(3)(A)(ii), a "private organization" that is "principally engaged in the business of providing ... housing" while receiving "Federal financial assistance" cannot discriminate on the basis of disability. As the United States Supreme Court has held, however, "Section 504, by its terms, prohibits discrimination only by a 'program or activity receiving Federal financial assistance.' ... Clearly, this language limits the ban on discrimination to the specific program that receives federal funds." *Darrone*, 465 U.S. at 635-36. Here, Plaintiff appears to allege – and Defendants have not disputed – that the Homeshare program receives funding from HUD. *See* Dkt. No. 3 at 16. Thus, taking Plaintiff's allegations as true, Plaintiff successfully alleges discrimination under the Rehabilitation Act.

Plaintiff's factual allegations also state a claim under the FHA. Under 42 USC § 3604(f)(1), it is unlawful to discriminate in the sale or rental of a dwelling, or to "otherwise make unavailable or deny" it, for a series of reasons, including disability. To show that a defendant has acted with a discriminatory intent, a plaintiff is not required to demonstrate that the defendant was motivated by a dislike for or an animosity towards persons with disabilities. Discrimination can also result from the defendant's over-protective assumptions about the needs of those with disabilities or unfounded fears of difficulties or problems that might arise. *See Ryan v. Ramsey*, 936 F. Supp 417, 422 (S.D. Tex. 1996) (citing *Bryant Woods Inn, Inc. v. Howard County*, 911 F. Supp 918, 929 (D. Md. 1996)). While "a subjective belief of discrimination, however genuine," is not the basis for judicial relief, *EEOC v. Omni Hotels Mgmt. Corp.*, 516 F. Supp. 2d 678, 704 (N.D. Tex. 2007), Plaintiff's complaint provides the

requisite factual basis for an allegation of discrimination, *see* Dkt. No. 3 at 2-3, 15.

Plaintiff has alleged sufficient specific facts to state a plausible discrimination claim under the Rehabilitation Act and the Fair Housing Act as to Defendants' not permitting his Homeshare application to circulate, and the motion to dismiss on this ground should therefore be denied.

### Recommendation

The motion to dismiss [Dkt. No. 15] should be granted in part and denied in part. To the extent that Plaintiff asserts a claim under 24 C.F.R. § 100.202(c) based on questions in the Homeseekers application and to the extent that Plaintiff is bringing claims under 42 U.S.C. § 1983, the motion to dismiss should be granted, and those claims should be dismissed without prejudice. But, because Plaintiff has alleged sufficient facts to state a plausible discrimination claim under the Rehabilitation Act and the Fair Housing Act – based on Defendants' alleged failure to consider his Homeshare application due to his disability – such discrimination claims should be allowed to proceed. Plaintiff's motion for oral argument [Dkt. No. 20] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 17, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE