IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY JOE BURROUGHS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-333-N-BN |
| | § | |
| SHARED HOUSING CENTER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Billy Joe Burroughs, proceeding *pro se*, brings this discrimination action against Defendants Shared Housing Center (the "Center"), Maria Machado, and ReShunda Morrow (collectively, "Defendants"). The action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

The Court previously granted in part and denied in part Defendants' motion to dismiss, concluding that Burroughs has alleged sufficient facts to state plausible discrimination claims under the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, (the "RA") and the Fair Housing Act, 42 U.S.C.A. § 3601 *et seq.* (the "FHA"), based on Defendants' alleged failure to consider his application to participate in the Center's Homeshare program due to his disability. *See Burroughs v. Shared Hous. Ctr.*, No. 3:15-cv-333-N-BN, 2015 WL 4077216 (N.D. Tex. June 17, 2015), *rec. accepted*, 2015 WL 4089756

(N.D. Tex. July 6, 2015).

Defendants now move for summary judgment as to those claims and as to their affirmative defense to the FHA claim under 42 U.S.C. § 3603(b)(2). *See* Dkt. Nos. 36, 37, & 38. Burroughs has filed a response in opposition. *See* Dkt. Nos. 43 & 44. And Defendants have filed a reply brief. *See* Dkt. No. 47.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, Defendants' motion for summary judgment should be granted and the Court should dismiss this action with prejudice.

## Applicable Background

The Center is a private non-profit charitable organization that offers housing services to at-risk populations, including people with special needs. Burroughs, who is visually impaired, alleges that he applied to the Center's Homeshare program, a program that matches those in need of housing with individuals who can accommodate a roommate. Burroughs alleges that, instead of allowing him to participate in the program and attempting to find him a match, the Center found him ineligible for Homeshare on the basis of his blindness.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v.*

*Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and

footnotes omitted)). The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). Rather, the non-moving party must "set forth specific

facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either

because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent that such pleadings comport with the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

Here, however, Burroughs's complaint is not verified, *see* Dkt. No. 3, and he otherwise has not adhered to Rule 56(e) or provided unsworn testimony that "can serve as competent summary judgment evidence" under 28 U.S.C. § 1746, *Cunningham v. Burns*, No. 3:12-cv-1824-L, 2014 WL 4707391, at *6-*7 (N.D. Tex. Sept. 22, 2014) (citations omitted); *see also Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n.2 (5th Cir.

2013).

Leaving aside Section 1746's "statutory exception" to the rule that "unsworn documents usually cannot raise fact issues precluding summary judgment," *Ion*, 731 F.3d at 382 n.2, "[e]ven when *pro se* plaintiffs are involved, courts have required adherence to Rule 56(e) or a sworn statement," *Brady v. Blue Cross & Blue Shield of Tex., Inc.*, 767 F. Supp. 131, 135 (N.D. Tex. 1991) (citing *Gordon v. Watson*, 622 F.2d 120, 122-23 (5th Cir. 1980)). Indeed, "[a]lthough *pro se* litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, the Fifth Circuit Court of Appeals has never allowed *pro se* litigants, or any other type of litigants, to oppose summary judgments by the use of unsworn materials." *Rodriguez v. Bexar Cty. Hosp. Dist.*, No. SA-14-CA-861-OG, 2015 WL 7760209, at *20 (W.D. Tex. Nov. 30, 2015) (collecting cases); *see also Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("Of course, this is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do." (citation omitted)); *Reed v. Richards*, 32 F.3d 570 (table), 1994 WL 259442, at *3 (7th Cir. June 13, 1994) (per curiam) (observing in the context of opposing summary judgment that "[t]he 'liberal construction' afforded the pleadings of *pro se* litigants cannot be used as a mechanism for avoiding federal rules of evidence and civil procedure").

## Analysis

As stated above, the Court previously determined that, through his *pro se* complaint, Burroughs provided enough factual content to plausibly allege discrimination claims under the FHA and the RA. *See Burroughs*, 2015 WL 4077216,

at *6-*7.

> To recap, the RA

> "establishes a comprehensive federal program aimed at improving the lot of the handicapped." *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 626 (1984). Section 504 of the [RA], 29 U.S.C. § 794, provides a private right of action for individuals subjected to disability discrimination ... by any program that receives monetary assistance from the federal government. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999). Specifically, the [RA] provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, ... be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

*Flynn v. Distinctive Home Care, Inc.*, No. 5:13-cv-0936-RP, 2015 WL 1004404, at *3 (W.D. Tex. Mar. 5, 2015). As the Court previously noted, the RA "extends to programs or activities that, though private, receive federal funding," *Burroughs*, 2015 WL 4077216, at *6 (citing *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) (observing that the RA is operationally identical to the Americans with Disabilities Act (the "ADA") in that both statutes address discrimination against those with disabilities, but, while the ADA is limited to public entities, including private employers, the RA extends to programs or activities that, though private, receive federal funding)). Here, it was alleged and not disputed that the Center's Homeshare program receives federal funding. *See id.* (citations omitted).

The Court also held that Burroughs has stated a housing discrimination claim under 42 USC § 3604(f)(1), pursuant to which "it is unlawful to discriminate in the sale or rental of a dwelling, or to 'otherwise make unavailable or deny' it, for a series of reasons, including disability." *Burroughs*, 2015 WL 4077216, at *7.

-8-

Because Burroughs fails to provide direct evidence of discrimination, the Court should analyze his disability- and housing-discrimination claims under "[t]he burden-shifting method of proof typically used in employment discrimination cases." *Jim Sowell Constr. Co., Inc. v. City of Coppell*, 61 F. Supp. 2d 542, 545 (N.D. Tex. 1999) (acknowledging that this method "generally applies to claims asserted under the FHA" (citing *Simms v. First Gibraltar Bank*, 83 F.3d 1546, 1556 (5th Cir. 1996)); *see Scruggs v. Marshall Hous. Auth.*, 232 F.3d 210 (table), 2000 WL 1273473, at *1 (5th Cir. Aug. 23, 2000) (per curiam) ("The burden shifting framework of *McDonnell Douglas v. Green*, 411 U.S. 792 (1972), and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981), applies in housing discrimination cases under the FHA." (footnote omitted and citations modified)); *see also Duncan v. Univ. of Tex. Health Sci. Cent. at Houston*, 469 F. App'x 364, 368 & n.6 (5th Cir. 2012) (per curiam) (applying the same analysis "to claims brought under the RA").

Under this framework, a plaintiff must first establish a prima facie case of discrimination, which mean that Burroughs must show that (1) he was disabled; (2) he was subject to an adverse action – here, denied participation in the Homeshare program – because of that disability; and (3) he was otherwise qualified to participate in the program. *See Duncan*, 469 F. App'x at 368 ("To establish a prima facie case of discrimination under the RA, a plaintiff must show that he was (1) disabled within the meaning of the RA, (2) subjected to an adverse action 'solely by reason of her or his disability,' and (3) otherwise qualified for the program." (quoting *Soledad v. U.S. Dep't of Treasury*, 304 F.3d 500, 504-05 & n. 7 (5th Cir. 2002); citing *McInnis v. Alamo Cmty.*

*Coll. Dist.*, 207 F.3d 276, 279-80 (5th Cir. 2000)))[1]; *cf. Oxford House, Inc. v. City of Baton Rouge, La.*, 932 F. Supp. 2d 683, 700 (M.D. La. 2013) ("To assert a prima facie case of retaliation, a plaintiff must show '(1) he engaged in an activity that the FHA and ADA protects; (2) he was subjected to an adverse action by the defendant; and (3) a causal connection exists between the protected activity and the adverse action.'" (quoting *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 388 (5th Cir. 2007))); *Scruggs*, 2000 WL 1273473, at *1 n.3 ("Courts have held that a FHA plaintiff does not need to prove that [his protected class] was the sole motivation for the defendant's actions; rather, the plaintiff need only prove that [it] was one effective reason for the defendant's actions." (citations omitted)).

> If the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to "articulate some legitimate nondiscriminatory reason" for its actions. *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995). To satisfy its burden of production, the defendant need only produce "any evidence 'which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action.'" *Id.* (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)).

---

[1] While the Court need not examine the third element in depth – because Burroughs has not otherwise presented evidence to establish a prima facie case of discrimination (under either the RA or FHA) – the ADA defines an "otherwise qualified" individual as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices ... meets the essential eligibility requirements for receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). "[A] similar definition has developed in case law interpreting the 'otherwise qualified' element of a Rehabilitation Act claim." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 678 F. Supp. 2d 576, 587 (E.D. Mich. 2009); *cf. Duncan*, 469 F. App'x at 368 n.6 ("[C]aselaw interpreting the ADA and Rehabilitation Act can generally be used interchangeably." (citation omitted)).

*Duncan*, 469 F. App'x at 368 (citation modified).

Here, Burroughs has failed to establish a prima facie case of disability-based discrimination under either the RA or the FHA because he has submitted no evidence of "specific facts showing a genuine issue for trial" and instead has rested "upon the allegations ... contained in [his] pleadings." *Lynch Props.*, 140 F.3d at 625. Indeed, assuming that Defendants have carried "the initial burden of identifying those portions of the pleadings and discovery in the record that [they believe] demonstrate the absence of a genuine issue of material fact," *id.*, Burroughs's response to that portion of Defendants' motion seeking summary judgment as to his remaining claims must include substantial evidence "to establish a prima facie case," *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 312 (5th Cir. 1999) (per curiam) ("While the evidence required to support such an inference of discrimination varies from case to case, the evidence proffered by the plaintiff to establish the prima facie case and to rebut the [defendant's] reasons must be 'substantial'; otherwise, a jury cannot reasonably infer discriminatory intent." (citation omitted)); *accord Landry v. Zerangue*, 54 F. App'x 405, 2002 WL 31688813, at *3 (5th Cir. Oct. 28, 2002) (per curiam).

While Defendants failed to submit admissible evidence in support of their motion for summary judgment, as the documents attached to their motion are unsworn, *see* Dkt. Nos. 36, 37, 38, & 47, this deficiency does not preclude the Court's granting summary judgment in their favor. "[T]he party moving for summary judgment need not disprove its opponent's claims, but need show only that the party who bears the burden of proof has adduced no evidence to support an element essential

to its case." *Teply v. Mobil Oil Corp.*, 859 F.2d 375, 379 (5th Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). Here, therefore, Defendants' burden "may be discharged by 'showing' – that is, pointing out ... – that there is an absence of evidence to support [Burroughs's] case." *Celotex*, 477 U.S. at 325; *see Kalmus v. Zimmermann*, 1:15-cv-316-RP, 2016 WL 6462297, at *4 n.3 (W.D. Tex. Nov. 1, 2016) (describing this as a "rather low burden").

And, while this rather low burden may not be discharged by moving "'for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove its case,'" *Booklab, Inc. v. Jensen*, No. A-07-CA-536 LY, 2009 WL 1269599, at *2-*3 (W.D. Tex. May 7, 2009) (quoting *Marshall Indep. Sch. Dist. v. U.S. Gypsum Co.*, 790 F. Supp. 1291, 1299-1300 (E.D. Tex. 1992)), Defendants have discharged their initial burden by showing that Burroughs failed to respond to their discovery requests, *see* Dkt. No. 37-5; *see also Marshall Indep. Sch. Dist.*, 790 F. Supp. at 1300 ("If there is literally no evidence in the record, the moving party may demonstrate [that a plaintiff has no evidence to support his case] by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record." (citation omitted)); *Seastrunk v. Darwell Integrated Tech.*, No. 3:05-cv-531-BF, 2008 WL 190316, at *3 (N.D. Tex. Jan. 22, 2008) ("The moving party, while not needing to produce evidence, must at least identify portions of the record that demonstrate an absence of evidence. It is not sufficient to merely list the elements of the claim and state that there is no evidence to support the elements."); *cf. Lopez v. City of Dallas*, No. 3:03-cv-2223-M, 2006 WL

1450520, at *8 (N.D. Tex. May 24, 2006) ("Here, without any references to evidence, interrogatories, or portions of depositions, the City asserts in its summary judgment brief that ... there is no evidence.... Because the City makes only conclusory assertions that Plaintiffs cannot prove their case, it cannot prevail on its Motion for Summary Judgment directed to this claim." (citations and footnotes omitted)).

## Recommendation

The Court should grant Defendants' motion for summary judgment [Dkt. No. 36] to the extent that Burroughs has not carried his burden to establish a prima facie case as to his remaining claims, and the Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 31, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE